IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN CHANDLER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-1904-M |
| | ) | |
| JUANITA BYNUM, | ) | |
|     Defendant. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

### I.  Factual background:

Plaintiff filed this complaint for breach of contract.  He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.  The Court has not issued process pending judicial screening.

Plaintiff alleges he contracted with Defendant Juanita Bynum for her to preach at a ministry conference to be held March 23 to March 24, 2014.  He states he paid Defendant $5,000 in fees and also paid certain travel costs, but Defendant failed to preach at the conference.  Plaintiff seeks $50,000 in damages.

### II.  Discussion:

Federal courts are courts of limited jurisdiction.  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing

federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

Plaintiff alleges the Court has diversity jurisdiction because he is a resident of Texas and Defendant is a resident of Georgia. Diversity jurisdiction requires that: (1) there is diversity of citizenship between the parties; and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The party seeking to invoke federal diversity jurisdiction has the burden to prove that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Tex.*, 351 F.3d 636, 638-39 (5th Cir. 2003). Plaintiff states the amount in controversy is $50,000. (*See* Magistrate Judge's Questionnaire, Answer No. 3.) Plaintiff has therefore failed to establish diversity jurisdiction.

Courts have a continuing obligation to examine the basis for jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may sua sponte raise the jurisdictional issue at any time. *Id*. Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

**RECOMMENDATION:**

The Court recommends that the complaint be dismissed for lack of subject matter jurisdiction.

Signed this 5th day of August, 2014.

                                                PAUL D. STICKNEY
                                        UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).